# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40891
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JHONNY JAVIER MADRID-URQUIA,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-1156-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jhonny  Javier  Madrid-Urquia  appeals  the  sentence  imposed  on  his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of being an alien found unlawfully in the United States after having been deported following an aggravated-felony conviction.  He contends that his sentence does not adequately account for the considerations under U.S.S.G. § 5K2.12 and is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).  The district court sentenced Madrid-Urquia within his guideline range to forty-seven months of imprisonment.

According to Madrid-Urquia, the district court failed adequately to consider the circumstances of his flight from Honduras and his reasons for returning to the United States.  To the extent Madrid-Urquia argues that the court erred by failing to depart downward pursuant to § 5K2.12, we lack jurisdiction to review the argument.  *See United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013).

A challenge to the substantive reasonableness of a sentence based on the § 3553(a) factors is ordinarily reviewed under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  But Madrid-Urquia's challenge to the substantive reasonableness of his sentence is reviewed for plain error because he did not object, in the district court, to the sentence as substantively unreasonable.  *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir.) (stating that request for below-guideline sentence did not preserve issue of substantive reasonableness), *cert. denied*, 134 S. Ct. 470 (2013).  Because the sentence is within the advisory range, it is presumptively reasonable.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

No. 13-40891

The district court heard Madrid-Urquia's arguments for a lower sentence but determined that forty-seven months was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *see Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). Madrid-Urquia has not shown sufficient reason to disturb the presumption of reasonableness. *See Gomez-Herrera*, 523 F.3d at 565-66. The sentence is not an abuse of discretion, much less plain error. *Gall*, 552 U.S. at 51; *Heard*, 709 F.3d at 425.

The judgment is AFFIRMED.